IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>LIONEL CAWTHON,<br><br>　　　　　Defendant. | 8:25-CR-65<br><br><br>ORDER ON MOTION TO WITHDRAW AND REQUEST TO EXTEND DEADLINE FOR NOTICE OF APPEAL |

　　　　This matter is before the Court on defense counsel's Motion to Withdraw and Request to Extend Deadline for Notice of Appeal. Filing 84. The Motion to Withdraw is denied and the Request to Extend Deadline for Notice of Appeal is granted.

　　　　Defense counsel has been retained to represent defendant Lionel Cawthon. Filing 7. On December 3, 2025, the Court sentenced the defendant to a term of 262 months of incarceration to be followed by a term of 10 years of supervised release after the defendant pleaded guilty to conspiracy to distribute and possession with the intent to distribute 100 grams or more of fentanyl analogue. Filing 78 (Text Minute Entry). The Judgment was entered on December 4, 2025. Filing 82. The defendant's guilty plea was not made pursuant to a plea agreement, meaning he retained his full rights to appeal this matter to a higher court. During the sentencing hearing, the Court informed the defendant of his right to appeal, and both the defendant and his counsel signed a document outlining the defendant's "right to appeal in criminal cases and counsel's acknowledgment and

1

receipt of 8th Circuit's Rule 27C."1 Filing 81. As of the date of this order, no notice of appeal has been filed. Instead, defense counsel has filed the present Motion to Withdraw and Request To Extend Deadline for Notice of Appeal seeking "leave to withdraw as counsel of record for the Defendant, Lionel Cawthon, for good cause" and seeking "a continuance of the 14-day deadline in order for the withdraw motion to be decided and for the Defendant to proper[l]y effectuate his appeal after appointment or retention of new Counsel." Filing 84 at 1. As grounds for withdrawing as counsel, defense counsel explains that "the Defendant has communicated to [defense counsel] that [the defendant] desires to allege on appeal that [defense counsel] did not provide competent representation and has expressed an intention to pursue claims concerning counsel's performance in post-conviction proceedings." Filing 84 at 1. According to defense counsel, "the continued representation of the Defendant by Counsel creates a significant risk of conflict of interest should appellate proceedings be initiated." Filing 84 at 1.

Under Eighth Circuit Rule 27B(a), "[r]etained counsel in criminal cases . . . must file a notice of appeal upon their client's request. Defendant's trial counsel, whether retained or appointed, must represent the defendant on appeal, unless the Court of Appeals grants permission to withdraw." Eighth Circuit Rule 27B(a). This rule is further reflected in the Eighth Circuit's "Plan to Expedite Criminal Appeals," which states that "[a] motion to withdraw made after a defendant's sentence has been imposed must be filed with the clerk of the Court of Appeals and should not be filed until the appeal has been docketed in the Court of Appeals." *Eighth Circuit Plan to Expedite Criminal Appeals*, https://www.ca8.uscourts.gov/sites/ca8/files/planECA.pdf. The defendant's sentence has

---

1 As there is no "8th Circuit[ ] Rule 27C," it appears that the document was referring to Eighth Circuit Rule 27B, which governs the procedure for "Filing Notices of Appeal and Motions to Withdraw in Criminal Cases." Eighth Circuit Rule 27B (reduced from capitals).

already been imposed in this case, so defense counsel's motion to withdraw must be filed with the clerk of the Court of Appeals after an appeal has been docketed with the Eighth Circuit.[2] *See id.* Because the Eighth Circuit requires criminal defense counsel to obtain that court's permission before withdrawing, the Motion to Withdraw must be denied and reasserted before the Eighth Circuit.

The Court does have authority to address defense counsel's request to extend the deadline to file a notice of appeal. Under Federal Rule of Appellate Procedure 4(b)(1) and as relevant here, "a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed." Fed. R. App. P. 4(b)(1)(A)(i). Judgment was entered in this case on December 4, 2025. *See* Filing 82. Thus, the defendant has 14 days after the entry of that judgment—or until December 18, 2025—to file a notice of appeal with the Court. However, Federal Rule of Appellate Procedure 4(b)(4) provides:

> Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Fed. R. App. P. 4(b)(4). The Court issues its ruling denying defense counsel's Motion to Withdraw three days before the defendant's time for filing a notice of appeal will expire. The Court finds that this is good cause to grant the defendant an extension to file his notice of appeal. Accordingly,

IT IS ORDERED:

1. Defense counsel's motion to withdraw as counsel, contained within his Motion to Withdraw and Request to Extend Deadline for Notice of Appeal at Filing 84, is denied;

---

[2] Eighth Circuit Rule 27B(b) governs motions to withdraw by defense counsel and provides that a motion to withdraw on any ground other than the ground that there are no non-frivolous issues to be raised on appeal "will only be granted for good cause shown, and will rarely be granted unless another attorney has entered an appearance for the defendant on appeal or another attorney has agreed to represent the defendant on appeal and the defendant has consented to the appearance of that new attorney." Eighth Circuit Rule 27B(b).

2. Defense counsel's request for an extension of time to file a notice of appeal, contained within his Motion to Withdraw and Request to Extend Deadline for Notice of Appeal at [Filing 84](Filing 84), is granted; and

3. The defendant shall file a Notice of Appeal no later than January 17, 2026.

Dated this 15th day of December, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge